RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK

DATE 4 / 16 / 12
90B

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

KENNETH OWENS,
      Plaintiff

VERSUS

RICHARD L. STALDER
      Defendant

CIVIL ACTION
SECTION "P"
NO. CV08-0768-A

JUDGE JAMES T. TRIMBLE, JR.
MAGISTRATE JUDGE JAMES D. KIRK

## REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Plaintiff Kenneth Owens ("Owens") filed a civil rights complaint pursuant to 42 U.S.C. § 1983 on May 30, 2008 and amended on December 5, 2011 (Doc. 45). The named defendants are Richard L. Stalder ("Stalder") (former Secretary of the Louisiana Department of Public Safety and Corrections ("DPSC"), who is sued in his individual capacity only), Henry Goines ("Goines"), Rodney Slay ("Slay") and Janice Elkins ("Elkins"), all of whom are records analysts employed by the DPSC, and Mary Harris ("Harris"), Mona Heyse ("Heyse"), and Ms. Smiley ("Smiley"), all of whom are employed at Winn Correctional Center in Winnfield, Louisiana, where Owens was incarcerated.

Owens contends the DPSC miscalculated his good time credits by failing to award him double good time credit, contrary to

controlling state case law, which resulted in Owens serving three additional years in prison, Owens v. Stalder, 2006-1120 (La. App. 1st Cir. 6/8/07), 965 So.2d 886.   Owens contends defendants are liable to him under Section 1983 for false imprisonment and failure to adequately train, supervise and control DPSC employees, and he alleges supplemental state law claims for false imprisonment, abuse of process, intentional infliction of emotional distress, and negligence.  Owens contends Stalder is liable to him for failing to enforce reasonable policies related to assuring that sentence calculations are carried out in compliance with Louisiana law and DPSC policy, and for failing to train his employees properly.  For relief, Owens asks for compensatory and punitive monetary damages, legal interest, costs, attorney fees, declaratory relief, and a jury trial (Doc. 47).

Stalder answered the complaint and asked for a jury trial (Docs. 8), then filed a motion for summary judgment (Doc. 7) that was denied (Doc. 20).   Owens amended his complaint to add new defendants (Goines, Slay, Elkins, Harris, Heyse and Smiley) and claims (Doc. 45).  The new defendants did not answer the complaint, but instead filed motions for summary judgment (Docs. 47, 56),[1] and

---

[1] It is noted that none of the defendants except Stalder filed an answer in this case.  To the extent that any of the allegations in the complaint are not specifically denied by the newly added defendants in their motions for summary judgment and the motion for judgment on the pleadings, they will be deemed admitted in accordance with Fed.R.Civ.P. rule 8(b)(6).

Owens filed a cross-motion for summary judgment (Doc. 59), as well as oppositions to defendants' motions (Docs. 58, 64, 67).  Elkins, Goines, Slay and Stalder also filed an opposition to Owens' motion (Doc. 61) and a motion for judgment on the pleadings (Doc. 62), which Owens opposed (Doc. 67).

The parties' motions are now before this court for disposition.

Facts and Procedural History

Owens alleges in his complaint that, on January 4, 1989, he was sentenced to serve a twenty-one-year sentence with the DPSC as a second felony offender, to run consecutively with a nine-year sentence imposed on the same date.  Owens further alleges that, on September 10, 2004, he filed a petition seeking immediate release due to miscalculation of his good time credits.  Owens contends the DPSC applied the incorrect statute and allowed him only fifteen days of good time for every thirty days served in prison, instead of thirty days of good time for every thirty days served ("double good time credit").  On June 8, 2007, a Louisiana state court of appeal found Owens' sentence had been miscalculated by the DPSC, contrary to controlling case law, and that he should have been given double good time credit.  Owens v. Stalder, 2006-1120 (La. App. 1st Cir. 6/8/07),965 So.2d 886.

In Owens v. Stalder, Owens filed a petition for review seeking immediate release from custody on the basis that his good time

credits had been miscalculated by the Louisiana DPSC and averring that, had those credits been correctly calculated, he already would have been released from custody.  Owens argued he was entitled to double good time credit pursuant to 1991 La. Acts, No. 138.  Owens contended the Louisiana DPSC offered him double good time credit effective the date it was offered to him in 1997, but believed he was entitled to double good time retroactive to the date he was sentenced.  Owens filed a grievance, exhausted his administrative remedies as to computation of his good time credit, then filed his petition in the state district court.  The state district judge denied his claim, and the Louisiana First Circuit Court of Appeal reversed that decision, holding it was contrary to the court's decision in Cox v. Whitley, 612 So.2d 158, 159-160 (La.App. 1st Cir. 1992), writ den., 613 So.2d 1001 (La. 1993).  **The Court of Appeal held that Owens was entitled to double good time retroactive to his date of sentencing on January 4, 1989.**  The court further held that, although Louisiana DPSC regulations may have required Owens to sign an approval form in order to be eligible for double good time credits, the Louisiana DPSC presented no evidence that it ever offered Owens the opportunity to sign a form that stated and recognized the correct effective date and that Owens' right could not be limited by his signature on an approval form that provided a later effective date for his double good time credit.  **The Court of Appeal ordered the matter remanded to the Louisiana DPSC for**

4

amendment of Owens' records, including his Master Prison Record, to reflect the appropriate credit for double good time earned from the date of imposition of sentence on January 4, 1989.   The defendants did not apply for writs to the Supreme Court, and the Court of Appeal's judgment became final.

Owens was released on parole on June 14, 2007 (Doc. 62). Owens filed this action for damages on May 30, 2008.

Law and Analysis

The Law of Summary Judgment

Rule 56 of the Federal Rules of Civil Procedure mandates that a summary judgment:

> "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, [submitted concerning the motion for summary judgment], if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

Paragraph (e) of Rule 56 also provides the following:

> "When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.   If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party."

Local Rule 56.2W (formerly 2.10W) also provides that all material facts set forth in a statement of undisputed facts submitted by the moving party will be deemed admitted for purposes

of a motion for summary judgment unless the opposing party controverts those facts by filing a short and concise statement of material facts as to which that party contends there exists a genuine issue to be tried.

In this regard, the substantive law determines what facts are "material". A material fact issue exists if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. However, the mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient to preclude summary judgment; there must be evidence on which the jury could reasonably find for the plaintiff. Stewart v. Murphy, 174 F.3d 530, 533 (5th Cir. 1999), 528 U.S. 906, 120 S.Ct. 249 (1999), and cases cited therein.

If the movant produces evidence tending to show that there is no genuine issue of material fact, the nonmovant must then direct the court's attention to evidence in the record sufficient to establish the existence of a genuine issue of material fact for trial. In this analysis, we review the facts and draw all inferences most favorable to the nonmovant. Herrera v. Millsap, 862 F.2d 1157, 1159 (5th Cir. 1989). However, mere conclusory allegations are not competent summary judgment evidence, and such allegations are insufficient, therefore, to defeat a motion for summary judgment. Topalian v. Ehrman, 954 F.2d 1125, 1131 (5th Cir.), cert. den., 506 U.S. 825, 113 S.Ct. 82 (1992).

Harris, Heyse, and Smiley

Harris, Heyse, and Smiley filed a motion for summary judgment (Doc. 56) that is unsupported by any summary judgment evidence. Harris, Heyse, and Smiley are all employees of Correction Corporation of America, the private company that operates WCC. They argue that, pursuant to La.R.S. 38:1800.5, calculation of an inmate's release date is not delegable to a private contractor by the State.   Therefore, they are not liable to Owens for the miscalculation of his good time credit.

According to his amended complaint, Owens was under the mistaken impression that Harris, Heyse, and Smiley are records analysts employed by the DPSC and working at WCC.   Owens' grievances and the responses by Harris and Heyse show that Owens was frustrated with them due to his inability to obtain copies of his commitment papers; Harris, Heyse and Smiley advised Owens his commitment papers were not in his prison file, so he had to obtain them from the Clerk of Court (Doc. 58, Exs.).

Since Harris, Heyse and Smiley were not involved in the calculation of Owens' good time and sentence, and merely assisted in processing his complaints through the initial grievance procedures, Owens has not stated either a Section 1983 or a state law claim against them for false imprisonment.

Since there are no genuine issues of material fact which would preclude a summary judgment in their favor on either the Section

7

1983 or state law claims, the motion for summary judgment filed by Harris, Heyse and Smiley should be granted (Doc. 56) and Owens' cross-motion for summary judgment should be denied as to Harris, Heyse and Smiley (Doc. 59).

<u>Stalder, Goines, Slay, & Elkins</u>

### 1. Res Judicata

Defendants Stalder, Goines, Slay and Elkins filed a motion for summary judgment (Docs. 47, 48), arguing that Owens is not eligible for good time and that Act 848 of 1987 specifically excludes Owens from good time eligibility. They argue, therefore, that Owens' sentence was not miscalculated and he was not imprisoned beyond his release date. Owens argues the Louisiana First Circuit Court of Appeal has already held the Louisiana DPSC erred in failing to award Owens double good time from the date he was sentenced on January 4, 1989, so res judicata precludes the defendants from revisiting that issue in federal court.

By arguing that Owens is not entitled to good time credit, defendants are essentially making a collateral attack on the validity of the Louisiana state court's judgment in <u>Owens v. Stalder</u>, 2006-1120 (La. App. 1st Cir. 2007), 965 So.2d 886.

Under 28 U.S.C. § 1738, state court judgments must be given the same full faith and credit in federal court as they would have in the court from which they are taken. See <u>Matter of Gober</u>, 100 F.3d 1195, 1201 (5th Cir. 1996). Thus, if defendants' argument that

Owens is not entitled to double good time credit would be precluded by res judicata in a Louisiana state court, due to the Louisiana First Circuit Court of Appeal's ruling that Owens is entitled to double good time retroactive to 1989, this court must find the argument and issue barred by the same principle in federal court.

Accordingly, this court must look to Louisiana law to determine whether the courts of that state would afford the judgment preclusive effect. <u>Matter of Gober</u>, 100 F.3d 1195, 1201 (5th Cir. 1996). Also, <u>In re Keaty</u>, 397 F.3d 264, 270 (5th Cir. 2005). La.R.S. 13:4231, as amended in 2006,[2] provides the principle of res judicata in Louisiana by stating a second action is barred if it arises out of the occurrence which was the subject

---

[2] Louisiana Revised Statutes 13:4231 provides for res judicata as follows:

Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
(1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.
(2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
(3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.

9

matter of the prior litigation.  The central inquiry is whether the second action asserts a cause of action which arises out of the transaction or occurrence which was the subject matter of the first action.  This serves the purpose of judicial economy and fairness by requiring the plaintiff to seek all relief and to assert all rights which arise out of the same transaction or occurrence.  See La.R.S. 13:4231, 1990 Comments; Terrebone Fuel & Lube, Inc. v. Placid Refining Co., 95-0654 (La. 1/16/96), 666 So.2d 624, 631-632.  Also, Avenue Plaza L.L.C. v. Falgoust, 96-0173 (La. 7/2/96), 676 So.2d 1077, 1080.  Also La.R.S. 13:4231 (1990).

Thus, pursuant to La.R.S. 13:4231, a second action is precluded when all of the following are satisfied: (1) the judgment is valid; (2) the judgment is final; (3) the parties are the same; (4) the cause or causes of action asserted in the second suit existed at the time of final judgment in the first litigation; and (5) the cause or causes of action asserted in the second suit arose out of the transaction or occurrence that was the subject matter of the first litigation.[3]  Burguieres v. Pollingue, 2002-1385 (La.

---

[3] La.R.S. 13:4232 sets forth exceptions, stating in pertinent part:
A. A judgment does not bar another action by the plaintiff:
(1) When exceptional circumstances justify relief from the res judicata effect of the judgment;
(2) When the judgment dismissed the first action without prejudice; or
(3) When the judgment reserved the right of the plaintiff to bring another action.

2/25/03), 843 So.2d 1049, 1053.

In applying res judicata principles, the first step is to determine what "judgment" exists to act as a res judicata bar. Terrebone Fuel & Lube, Inc., 666 So.2d at 632. In Owens v. Stalder, 2006-1120 (La. App. 1st Cir. 2007), 965 So.2d 886, Owens filed a petition against the Louisiana DPSC, Secretary Stalder, Goines, Warden Wilkinson (warden of Winn Correctional Center), and Slay (but not Elkins), seeking immediate release from custody on the basis that his good time credits had been miscalculated by the Louisiana DPSC, averring that, had those credits been correctly calculated, he already would have been released from custody. Owens argued he was entitled to double good time credit pursuant to 1991 La. Acts, No. 138. Owens contended the Louisiana DPSC offered him double good time credit effective the date it was offered to him in 1997, but believed he was entitled to double good time retroactive to the date he was sentenced. Owens filed a grievance, exhausted his administrative remedies as to computation of his good time credit, then filed a petition in state district court. The state district judge denied his claim, and the Louisiana First Circuit Court of Appeal reversed that decision, holding it was contrary to the court's decision in Cox v. Whitley, 612 So.2d 158, 159-160 (La.App. 1st Cir. 1992), writ den., 613 So.2d 1001 (La. 1993). The Court of Appeal held that Owens was entitled to double good time retroactive to his date of sentencing. The court further

11

held that, although Louisiana DPSC regulations may have required Owens to sign an approval form in order to be eligible for double good time credits, the Louisiana DPSC presented no evidence that it ever offered Owens the opportunity to sign a form that stated and recognized the correct effective date and that Owens' right could not be limited by his signature on an approval form that provided a later effective date for his double good time credit.  The Court of Appeal ordered the matter remanded to the Louisiana DPSC for amendment of Owens' records, including his Master Prison Record, to reflect the appropriate credit for double good time earned from the date of imposition of sentence on January 4, 1989.  The defendants did not apply for writs to the Supreme Court, and the Court of Appeal's judgment became final.  Therefore, Owens relies on a final, valid judgment which held he is entitled to double good time credit from January 4, 1989.

The same Louisiana DPSC parties are involved in both cases, with the sole exception of Elkins.  However, under La.Rev.Stat. § 13:4231, the parties are the same when they appear in the same capacities in both suits. Myers v. National Union Fire Ins. Co. of Louisiana, 2009-CA-1517 (La.App. 4th Cir. 5/19/10), 43 So.3d 207, 211, writ den., 2010-C-2049 (La. 11/12/10), 49 So.3d 892, citing Burguieres v. Pollingue, 02-1385 (La. 2/25/03), 843 So.2d 1049, 1054.  However, Elkins is in privity with the Louisiana DPSC and her co-employees for purposes of res judicata because she is an

12

employee of the DPSC.   The state court's conclusions in Owens'
prior suit against the DPSC and named DPSC employees-whether Owens
was entitled to double good time credit and, if so, from what date-
are as binding on Elkins as the other defendants.   They are the
same issues being raised as a defense in this suit.  See Myers, 43
So.3d at 211 (the requirement that the parties are the same in both
suits does not mean that the parties must have the same physical
identity, but that the parties must appear in the same quality or
capacity), quoting Berrigan v. Deutsch, Kerrigan & Stiles, LLP,
2001-0612 (La. App. 4th Cir. 1/2/02), 806 So.2d 163, 167, writ den.,
2002-C-0338, 2002-C-0341 (La. 4/12/02), 813 So.2d 410.   Also,
Donley v. Hudson's Salvage, LLC, 2011 wl 5930473, **15-16 (E.D.La.
2011), and cases cited therein; Vines v. Northeast Louisiana
University, 36,747-CA (La. App. 2d Cir. 3/5/03), 839 So.2d 979,
writ den., 2003-C-1262 (La. 9/19/03), 853 So.2d 638.

Defendants also argue there is no commonality of Owens causes
of action in both suits because he pursued entitlement to double
good time credit in the state court, whereas he is pursing monetary
damages in this court.   However, the first case was a necessary
prerequisite to this case.   Owens had to first prove his good time
credit and sentence had been miscalculated before he could sue for
monetary damages under Section 1983.   A §1983 action for damages
attributable to an unconstitutional imprisonment does not accrue
until the conviction or sentence has been invalidated.   Boyd v.

13

Biggers, 31 F.3d 279, 282 (5th Cir. 1994), citing Heck v. Humphrey, 512 U.S. 477, 114 S.Ct 2364 (1994).  Also, McGrew v. Texas Bd. of Pardons, 47 F.3d 158, 161 (5th Cir. 1995); Arvie v. Broussard, 42 F.3d 249, 250 (5th Cir. 1994).

In Louisiana, a challenge to the computation of a sentence must first be brought through the Department's administrative grievance process. La. R.S. 15:1176. When administrative remedies have been exhausted, an inmate can seek judicial review in the Nineteenth Judicial District Court, East Baton Rouge Parish. See La. R.S. 15:1177 and R.S. 15:571.15. If unsuccessful at the district court level, the inmate can appeal the decision of the Nineteenth Judicial District Court to the "appropriate court of appeal," which would be the Louisiana First Circuit Court of Appeal. See La. R.S. 15:1177A(10) and R.S.13:312(1). Should Petitioner's appeal be unsuccessful, Louisiana law allows him to seek supervisory review in the Louisiana Supreme Court. La.C.Civ.P. art. 2201; La.C.Cr.P. art. 922.

Thus, before Owens could recover damages for his claim, he had to successfully challenge the computation of his sentence through the proper state procedures, as he has done.  The judgment holding Owens' sentence/good time credit had been miscalculated was a necessary precursor to Owens' suit for monetary damages, and the state court's holding that Owens was entitled to double good time must be given preclusive effect in this suit.

Defendants' argument that Owens was never entitled to good time credits (under Act 848 of 1987 and La.R.S. 15:571.3C) is foreclosed by the principle of res judicata and the final judgment of the Louisiana 1st Circuit Court of Appeal in <u>Owens v. Stalder</u>, 2006-1120 (La. App. 1st Cir. 6/8/07), 965 So.2d 886, which held that Owens *is* entitled to double good time credit from the date he was sentenced.

Finally, it is noted that defendants filed a 2011 affidavit by Goines (Doc. 52, Ex.), in which Goines explains how Owens' release date is calculated and why he is not entitled to double good time credit; interestingly, Goines' affidavit does not mention the Louisiana First Circuit Court of Appeal opinion holding Owens is entitled to double good time earned from the date of imposition of sentence on January 4, 1989.  Since Goines states he relied on Owens' master prison record to compute Owens' release date, it appears the Louisiana DPSC failed to amend Owens' master prison record as ordered by the Louisiana First Circuit Court of Appeal, and Goines' calculation of Owens' release date by "flat time" only (no credit given for good time) is necessarily incorrect. Therefore, Goines' affidavit is given no weight by the undersigned.

Likewise, the affidavit of Owens' expert, Richard A. Arnold, as to Owens' entitlement to and computation of good time is not necessary for the disposition of this issue.

Therefore, defendants' motion for summary judgment (Doc. 47)

as to Stalder, Goines, Elkins, and Slay, based on the argument that Owens is not entitled to good time credit, should be denied as barred by res judicata.

### 2. Motion for Judgment on the Pleadings

Defendants Stalder, Goines, Slay and Elkins also filed a motion for a judgment on the pleadings pursuant to Fed.R.Civ.P. rule 12(c),[4] contending they are entitled to a judgment in their favor because Owens' action for monetary damages is barred by the requirement of Heck v. Humphrey, 512 U.S. 477, 114 S.Ct 2364 (1994), that his convictions or sentences be invalidated.

As discussed above, the requirements of Heck were satisfied by the Louisiana Court of Appeal's final judgment holding that the Louisiana DPSC had miscalculated Owens' good time credit and the length of his sentence.   Therefore, defendants' motion for a judgment on the pleadings (Doc. 62) should be denied.

### 3. False Imprisonment Under Section 1983

Owens also alleges a Section 1983 claim against Stalder, Goines, Slay and Elkins for false imprisonment.   Owens alleges he was imprisoned an additional three years due to the miscalculation

---

[4] A motion for judgment on the pleadings under Rule 12(c) is subject to the same standard as a motion to dismiss under Rule 12(b)(6). Ackerson v. Bean Dredging LLC, 589 F.3d 196, 209 (5th Cir. 2009), quoting Doe v. MySpace, Inc., 528 F.3d 413, 418 (5th Cir. 2008), cert. den., 555 U.S. 1031, 129 S.Ct. 600 (2008). Thus, the inquiry focuses on the allegations in the pleadings and not on whether the plaintiff actually has sufficient evidence to succeed on the merits. Ackerson, 589 F.23d at 209, quoting Ferrer v. Chevron Corp., 484 F.3d 776, 782 (5th Cir. 2007).

of his good time credits.

The sort of unlawful detention remediable by the tort of false imprisonment is detention without legal process. Since false imprisonment consists of detention without legal process, a false imprisonment ends once the victim becomes held pursuant to such process. Wallace v. Kato, 549 U.S. 384, 389, 127 S.Ct. 1091, 1095 (2007). When a prisoner's sentence has expired, he is entitled to release under both the Constitution and the laws of the United States. Shorts v. Bartholomew, 255 Fed.Appx. 46, 51 (6th Cir. 2007), citing Whirl v. Kern, 407 F.2d 781 (5th Cir. 1969), cert. den., 396 U.S. 901, 90 S.Ct. 210 (1969). Detention of a prisoner beyond the expiration of his sentence in the absence of a facially valid court order or warrant constitutes a deprivation of due process. Douthit v. Jones, 619 F.2d 527, 532 (5th Cir. 1980).

To prove false imprisonment under Section 1983, the plaintiff must show that the defendant, while acting under color of law, deprived him of a right secured by the Constitution and laws of the United States. Douthit, 619 F.2d at 532, and cases cited therein. Also, West v. Atkins, 487 U.S. 42, 48, 108 S.Ct. 2250 (1988). The elements of a false imprisonment action under Section 1983 are (1) intent to confine, (2) acts resulting in confinement, and (3) consciousness of the victim of confinement or resulting harm. Whirl v. Kern, 407 F.2d 781, 792 (5th Cir. 1968), cert. den., 396 U.S. 901, 90 S.Ct. 210 (1969). To establish a cause of action

17

under Section 1983, however, a party must also show that the defendant, while acting under color of law, deprived him of a right secured by the Constitution and laws of the United States, Douthit, 619 F.2d at 532.

A jailer has a duty to ensure that inmates are timely released from prison.  While a jailer is not a surety for the legal correctness of a prisoner's commitment, he is most certainly under an obligation, often statutory, to carry out the functions of his office.  Those functions include not only the duty to protect a prisoner, but also the duty to effect his timely release.  Porter v. Epps, 659 F.3d 440 (5th Cir. 2011), and cases cited therein.

In Bryan v. Jones, 530 F.2d 1210, 1215 (5th Cir.), cert. denied, 429 U.S. 865, 97 S.Ct. 174 (1976), the Fifth Circuit ruled that, where a plaintiff alleges that he was imprisoned without valid authority, the court would hold the jailer to a high standard of reasonableness since he exercises no discretion and is under relatively little time pressure.  In Douthit, the Fifth Circuit held that, if a jailer negligently establishes a record keeping system in which errors resulting in imprisonment beyond the term of the sentence are likely, the jailer will be held liable.  But if the errors take place outside of his realm of responsibility, he cannot be found liable because he has acted reasonably and in good faith.  Douthit, 619 F.2d at 535.

Owens alleges Stalder is liable for failing to enforce

18

reasonable policies related to assuring that sentence calculations are carried out in compliance with Louisiana law and DPSC policy, and for failing to train his employees properly.   Supervisory officials may be held liable only if: (1) they affirmatively participate in acts that cause constitutional deprivation; or (2) implement unconstitutional policies that causally result in plaintiff's injury.  <u>Mouille v. City of Live Oak, Tex.</u>, 977 F.2d 924, 929 (5th Cir. 1992), <u>cert. den.</u>, 508 U.S. 951, 113 S.Ct. 2443, 124 L.Ed.2d 660 (1993); <u>Thompkins</u>, 828 F.2d at 303.

In the case at bar, the system used by the Louisiana DPSC for calculating good time credit was faulty, as held by the Louisiana First Circuit Court of Appeal in <u>Cox v. Whitley</u>, 612 So.2d 158, 159-160 (La.App. 1st Cir. 1992), writ den., 613 So.2d 1001 (La. 1993).   Since that decision became final in 1993, the Louisiana DPSC had ample opportunity to correct the error in its methods, but apparently failed to do so.   A failure to adopt a policy can be deliberately indifferent when it is obvious that the likely consequences of not adopting a policy will be a deprivation of constitutional rights.   Porter, 659 F.3d at 446, citing <u>Rhyne v. Henderson Cty.</u>, 973 F.2d 386, 392 (5th Cir. 1992).   A supervisor may also be held liable for failure to supervise or train if (1) the supervisor either failure to supervise or train the subordinate official, (2) a causal link exists between the failure to train or supervise and the violation of the plaintiff's rights, and (3) the

19

failure to train or supervise amounts to deliberate indifference.

In the case at bar, Owens has clearly alleged the violation of his right to due process by alleging he was confined an additional three years due to the miscalculation of his good time credit by the Louisiana DPSC. The Louisiana 1st Circuit Court of Appeal found that Owens presented his complaint to the DPSC by initiating a Corrections Administrative Remedy Procedure ("CARP"). His complaint was investigated and his request for re-computation of his good time credit was rejected at each level of that procedure. Owens v. Stalder, 965 So.2d at 888.

Moreover, deficiencies in the Louisiana DPSC policies and/or employee training are apparent in this case since, as the Court of Appeal pointed out in Owens' case, the DPSC applied rules for good time calculations to Owens which that court had previously held to be invalid in Cox.

However, it is not apparent whether Goines, Slay or Elkins were aware of the deficiencies in the policies for the calculation of good time credit and/or the training given for the calculation of good time credit, or were aware that Owens' good time was being calculated improperly, at least before the Court of Appeal held it was. After the Court of Appeal's ruling and order in Owens' case, the defendants' seeming failure to obey the court order and calculate Owens' good time properly is not explained in the record before the court.

Therefore, there are genuine issues of material fact as to whether Stalder and any other policy maker for the Louisiana DPSC were deliberately indifferent to the legally deficient policies or practices used to calculate good time credits, and whether defendants were deliberately indifferent in applying those deficient policies or practices to Owens' sentence calculation before *and* after the Court of Appeal's ruling in Owens' case.  See Moore v. Tartler, 986 F.2d 682, 6854-687 (3d Cir. 1993)(court found the parole board officials did not stand idly by after Moore raised concerns about his sentence, which had expired six months before he was released, and an investigation, however slow and incompetent, was conducted pursuant to standard procedures, so defendants were not deliberately indifferent); Sample v. Diecks, 885 F.2d 1099, 1102-1105 (3d Cir. 1989)(court found defendant had knowledge of plaintiff's problem, failed to act, and his failure delayed plaintiff's release by nearly sic months); Haygood v. Younger, 769 F.2d 1350, 1354-1355 (9th Cir. 1985)(court stated that detention beyond the termination of a sentence could constitute cruel and unusual punishment if it is the result of deliberate indifference to the prisoner's liberty interest, and found plaintiff presented credible evidence that the defendants, after being put on notice, simply refused to investigate the computational error).

Owens' cross-motion for partial summary judgment as to these defendants should also be denied (Doc. 59); there are genuine

issues of material fact as to deliberate indifference which preclude a summary judgment on the claim of false imprisonment under Section 1983 at this time.

### 4. Supplemental State Law Claims

Finally, Owens contends Goines, Slay, Elkins, and Stalder are liable to him for false imprisonment, abuse of process, intentional infliction of emotional distress, and negligence under state law. Owens also contends Stalder is liable to him for failure to implement policies which correctly apply the law for calculation good time credit and for failure to properly train his employees.

District courts have supplemental jurisdiction over claims so related to a federal question that they "form part of the same case or controversy," 28 U.S.C. §1367(a).  Rodriguez v. Pacificare of Texas, Inc., 980 F.2d 1014, 1018-19 (5th Cir.), cert. den., 508 U.S. 956, 113 S.Ct. 2456 (1993); Whalen v. Carter, 954 F.2d 1087, 1097 (5th Cir. 1992).  District courts may decline to exercise supplemental jurisdiction over a claim under §1367(a) if the district court has dismissed all claims over which it has original jurisdiction.  Rodriguez, 980 F.2d at 1018; Stephens v. LJ Partners, 852 F.Supp. 597, 600 (W.D.Tex. 1994); Holt v. Lockheed Support Systems, Inc., 835 F.Supp. 325, 329 (W.D.La. 1993).  In deciding whether to exercise supplemental jurisdiction, the court must consider judicial economy, convenience, fairness and comity. Metropolitan Wholesale Supply, Inc. v. M/V Royal Rainbow, 12 F.3d

58, 61 (5th Cir. 1994).

Abuse of Process

First, there is nothing in the record to support Owens' claim for abuse of process.  The tort of abuse of process has two essential elements: (1) the existence of an ulterior purpose; and (2) a willful act in the use of the process not proper in the regular prosecution of the proceeding.  Witty v. Elliott, 2010 CA 1699 (La. App. 1st Cir. 3/25/11), 2011 wl 1103798, writ den., 2011-C-0817 (La. 6/3/11), 63 So.3d 1019, citing Waguespack, Seago and Carmichael v. Lincoln, 99-2016 (La.App. 1st Cir. 9/22/00), 768 So.2d 287, 290-91.  Also, Mini-Togs, Inc. v. Young, 354 So.2d 1389, 1390 (La. App. 2d Cir. 1978).  Owens has not alleged and there is no evidence to show that any of the individual defendants had a wrongful or malicious motive or purpose in calculating Owens' good time credits.

Since there are no genuine issues of material fact which preclude a summary judgment on the issue of abuse of process, defendants' motion for summary judgment should be granted and Owens' motion should be denied.

Intentional Infliction of Emotional Distress

The record also does not support Owens' claim of intentional infliction of emotional distress.  In order to recover for intentional infliction of emotional distress, a plaintiff must establish that (1) the conduct of the defendant was extreme and

23

outrageous; (2) the emotional distress suffered by the plaintiff was severe; and (3) the defendant desired to inflict severe emotional distress or knew that severe emotional distress would be certain or substantially certain to result from his conduct. <u>White v. Monsanto Co.</u>, 585 So.2d 1205 (La. 1991); <u>Moresi v. State, Through Dept. of Wildlife and Fisheries</u>, 567 So.2d 1081 (La. 1990). Owens has not alleged and there is no evidence before this court to show that any of the individual defendants behaved in an extreme or outrageous manner with the desire to inflict severe emotional distress on Owens.

Since there are no genuine issues of material fact which preclude a summary judgment, defendants' motion for summary judgment should be granted, and Owens' motion for summary judgment should be denied, on the issue of intentional infliction of emotional distress.

<u>False Imprisonment</u>

Owens also contends defendants falsely imprisoned him. Louisiana state law recognizes the tort of false arrest, also known as false imprisonment. <u>Alvarado v. Poche</u>, 2002-2 (La. App. 3d Cir. 6/5/02), 819 So.2d 1150, 1152, writ den., 2002-2212 (La. 11/8/02), 828 So.2d 1120. In order for a plaintiff to recover for false arrest, he must prove that he was unlawfully detained by the police against his will without a warrant or other statutory authority. Simply stated, it is restraint without color of legal authority.

24

<u>Kyle v. City of New Orleans</u>, 353 So.2d 969, 971 (La. 1977). Thus, two elements are required to prove a case in false arrest and imprisonment: (1) detention of a person, and (2) unlawfulness of the detention. <u>Dumas v. City of New Orleans</u>, 2001-0448 (La.App. 4 Cir. 12/05/01), 803 So.2d 1001, 1003, writ den., 2002-0024 (La. 3/15/02), 811 So.2d 912. Also, <u>Harrison v. State Through Dept. of Public Safety and Corrections</u>, 97-1086 (La. 12/1/98), 721 So.2d 458, 461; <u>Hughes v. Gulf International</u>, 593 So.2d 776, 780 (La. App. 4th Cir. 1992), writ den., 595 So.2d 658 (La. 1992).

The Louisiana law as to false imprisonment and the Section 1983 civil rights liability for false imprisonment are essentially the same. Therefore, for the reasons given under the discussion in the discussion of Owens' Section 1983 claim for false imprisonment, there are genuine issues of material fact which preclude a summary judgment at this time, and the parties cross-motions for summary judgment (Docs. 47, 59) should be denied on this issue.

<u>Negligence and Supervisory Liability</u>

Finally, Owens contends defendants were negligent in miscalculating his sentence and that Stalder had supervisory liability for their errors.

La.C.C. art. 2315 provides in pertinent part: "Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it" La.C.C. art. 2316 further directs: "Every person is responsible for the damage he occasions not merely

by his act, but by his negligence, his imprudence, or his want of skill."  La.C.C. art. 2320 states in part: "Masters and employers are answerable for the damage occasioned by their servants and overseers, in the exercise of the functions in which they are employed. ...In the above cases, responsibility only attaches, when the masters or employers, teachers and artisans, might have prevented the act which caused the damage, and have not done it."

The elements of a cause of action in tort are fault, causation, and damages.  The existence of a legal duty and a breach of that duty are prerequisites to any determination of fault.  Seals v. Morris, 210 So.2d 715, 718 (La. 1981).  Duty is a question of law, and the inquiry is whether the plaintiff has any law to support his claim.  Faucheaux v. Terrebonne Consol. Gov't, 615 So.2d 289, 292 (La. 1993).  As the Court of Appeal stated in Owens, the DPSC was ultimately responsible for the computation of Owens' good time credit.  There is no information before the court at this time as to the duties of the various defendants and whether any of them were individually negligent in the miscalculation of Owens' good time credit.  Therefore, there are genuine issues of material fact which preclude a summary judgment at this time on the issues of negligence and Stalder's supervisory liability, and both defendants' and Owens' motions for summary judgment (Doc. 47, 59) should be denied on this issue.

## Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that the motion for summary judgment (Doc. 56) filed by defendants Harris, Heyse, and Smiley be GRANTED, that Owens' partial motion for summary judgment (Doc. 59) against Harris, Heyse, and Smiley be DENIED, and that Owens' action against Harris, Heyse, and Smiley be DISMISSED WITH PREJUDICE.

IT IS FURTHER RECOMMENDED that the motion for summary judgment filed be defendants Stalder, Goines, Elkins, and Slay (Doc. 47) be DENIED on the issue of Owens' entitlement to good time credits.

IT IS FURTHER RECOMMENDED that the motion for judgment on the pleadings filed by defendants Stalder, Goines, Elkins, and Slay (Doc. 62) by DENIED AND DISMISSED WITH PREJUDICE.

IT IS FURTHER RECOMMENDED that the motion for summary judgment filed be defendants Stalder, Goines, Elkins, and Slay (Doc. 47) and Owens' cross-motion for summary judgment (Doc. 59) against those defendants be DENIED on the Section 1983 issue of false imprisonment.

IT IS FURTHER RECOMMENDED that the motion for summary judgment filed be defendants Stalder, Goines, Elkins, and Slay (Doc. 47) be DENIED, and that Owens' cross-motion for summary judgment (Doc. 59) against Stalder, Goines, Elkins, and Slay also be DENIED on the

27

Louisiana state law issues of false imprisonment, negligence, and supervisory liability.

IT IS FURTHER RECOMMENDED that the motion for summary judgment filed be defendants Stalder, Goines, Elkins, and Slay (Doc. 47) be GRANTED, that Owens' cross-motion for partial summary judgment (Doc. 59) be DENIED, and that Owens' Louisiana state law actions against Stalder, Goines, Elkins, and Slay for abuse of process and intentional infliction of emotional distress be DISMISSED WITH PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana, on this ___ day of April, 2012.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE