RECEIVED
SDC, WESTERN DISTRICT OF L
TONY R. MOORE, CLERK
2 3 15

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

KENNETH OWENS,
        Plaintiff

VERSUS

RICHARD L. STALDER
        Defendant

CIVIL ACTION
SECTION "P"
NO. CV08-0768-A

JUDGE JAMES T. TRIMBLE, JR.
MAGISTRATE JUDGE JAMES D. KIRK

## REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

The motions to dismiss (Docs. 100, 102) and the cross motions for summary judgment (Docs. 101, 121) were referred to the undersigned Magistrate Judge for Report and Recommendation (Doc. 107). It is recommended that Owens' remaining claims against all remaining defendants be denied and dismissed.

## Procedural History

Plaintiff Kenneth Owens ("Owens") filed a civil rights complaint pursuant to 42 U.S.C. § 1983, with supplemental state law claims, on May 30, 2008 and amended it on December 5, 2011 (Docs. 1, 45). The named defendants are Richard L. Stalder ("Stalder")(former Secretary of the Louisiana Department of Public Safety and Corrections ("DPSC") in his individual capacity), James LeBlanc (current Secretary of the Louisiana DPSC) in his official capacity, Henry Goines ("Goines"), Rodney Slay ("Slay") and Janice Elkins ("Elkins"), all of whom are records analysts employed by the DPSC, and Mary Harris ("Harris"), Mona Heyse ("Heyse"), and Ms. Smiley ("Smiley"), all of whom are employed at Winn Correctional Center ("WCC") in Winnfield, Louisiana, where Owens was

incarcerated (Docs. 1, 45, 98).

Owens contends the DPSC miscalculated his good time credits by failing to award him double good time credit, contrary to controlling state case law, which resulted in Owens serving three additional years in prison. See Owens v. Stalder, 2006-1120 (La. App. 1st Cir. 6/8/07), 965 So.2d 886. Owens' remaining Section 1983 claims are for false imprisonment and failure to adequately train, supervise and control DPSC employees. Owens' remaining state law claims are for false imprisonment and negligence. For relief, Owens asks for compensatory and punitive monetary damages, legal interest, costs, attorney fees, injunctive relief, declaratory relief, and a jury trial (Doc. 45).

In October 2008, Stalder answered the complaint and asked for a jury trial (Docs. 8), then filed a motion for summary judgment (Doc. 7) that was denied (Doc. 20). In December 2011, Owens amended his complaint to add new defendants (Goines, Slay, Elkins, Harris, Heyse and Smiley) and claims (Doc. 45). Those defendants filed motions for summary judgment in January 2012 (Docs. 47, 56). In February 2012, Owens filed a cross-motion for summary judgment (Doc. 59), as well as oppositions to defendants' motions (Docs. 58, 64, 67). The motions were ruled on in May 2012 (Doc. 71).

The motion for summary judgment filed by defendants Stalder, Goines, Elkins, and Slay (Doc. 47) was denied on the issue of Owens' entitlement to good time credits (Doc. 71). The motion for

summary judgment filed by Harris, Heyse, and Smiley (Doc. 56) was granted, Owens' motion for summary judgment (Doc. 59) was denied (Doc. 71), and Owens' action against Harris, Heyse, and Smiley was dismissed (Doc. 71).   The motion for judgment on the pleadings filed by Stalder, Goines, Elkins, and Slay (Doc. 62) was denied (Doc. 71).   The motion for summary judgment filed by Elkins, Goines, Slay and Stalder (Doc. 47), as well as Owens' cross-motion for summary judgment (Doc. 59), were denied on the issues of false imprisonment, negligence, and supervisory liability, but defendants' motion was granted on the issues of abuse of process and intentional infliction of emotional distress and those claims were dismissed (Doc. 71).

Defendants Goines, Slay, Elkins answered the complaint in June 2014 (Doc. 97).   Defendants then filed a motion to dismiss the suit against James LeBlanc for lack of jurisdiction (Doc. 100) and a motion for summary judgment (Doc. 101), both of which Owens opposes (Docs. 119, 120).   Elkins, Goines, and Slay also filed a motion to dismiss (Doc. 102) which Owens opposes (Doc. 118).   In September 2014, Owens filed a cross-motion for partial summary judgment (Doc. 121), to which Stalder responded (Doc. 127) and Owens replied (Doc. 131).   This new set of motions is now before the court for disposition.

<u>Facts</u>

Owens alleges in his complaint that, on January 4, 1989, he

3

was sentenced as a second felony offender to serve two consecutive sentences for a total of thirty years.  Owens further alleges that, on September 10, 2004, he filed a petition seeking immediate release due to miscalculation of his good time credits.  Owens contends the DPSC applied the incorrect statute and allowed him only fifteen days of good time for every thirty days served in prison, instead of thirty days of good time for every thirty days served ("double good time credit").  On June 8, 2007, a Louisiana state court of appeal found Owens' sentence had been miscalculated by the DPSC, contrary to controlling case law, because he should have been given double good time credit.  Owens v. Stalder, 2006-1120 (La. App. 1st Cir. 6/8/07),965 So.2d 886.

In Owens v. Stalder, Owens filed a petition for review seeking immediate release from custody on the basis that his good time credits had been miscalculated by the Louisiana DPSC and averring that, had those credits been correctly calculated, he already would have been released from custody.  Owens argued he was entitled to double good time credit pursuant to 1991 La. Acts, No. 138.  Owens contended the Louisiana DPSC offered him double good time credit effective the date it was offered to him in 1997, but believed he was entitled to double good time retroactive to the date he was sentenced.  Owens exhausted his administrative remedies as to computation of his good time credit, then filed his petition in the state district court.  The state district judge denied his claim,

4

and the Louisiana First Circuit Court of Appeal reversed that decision, holding it was contrary to that court's decision in Cox v. Whitley, 612 So.2d 158, 159-160 (La.App. 1st Cir. 1992), writ den., 613 So.2d 1001 (La. 1993). In Cox, the court found that the Louisiana legislature intended to permit credit for double good time retroactive to date of sentencing, provided sentencing was on or after July 1, 1982; the subsequent 1988 amendment of R.S. 15:571.14 limits credit for double good time retroactive to August 30, 1986, except as to those prisoners a vested right to credit for double good time between December 14, 1983, and August 30, 1986. The Court of Appeal held that Owens was entitled to double good time retroactive to his date of sentencing on January 4, 1989. The court further held that, although Louisiana DPSC regulations may have required Owens to sign an approval form in order to be eligible for double good time credits, the Louisiana DPSC presented no evidence that it ever offered Owens the opportunity to sign a form that stated and recognized the correct effective date and that Owens' right could not be limited by his signature on an approval form that provided a later effective date for his double good time credit. The Court of Appeal ordered the matter remanded to the Louisiana DPSC for amendment of Owens' records, including his Master Prison Record, to reflect the appropriate credit for double good time earned from the date of imposition of sentence on January 4, 1989. The defendants did not apply for writs to the Supreme

5

Court, and the Court of Appeal's judgment became final.

Owens was released on parole on June 14, 2007 (Doc. 62). Owens filed this Section 1983 action for damages on May 30, 2008.

Defendants submitted an affidavit by Tracey Dibenedetto, the Executive Management Officer for and an employee of the Louisiana Department of Public Safety and Corrections, Adult Services, who states that one of her duties is to compute inmate time and sentences (Doc. 101, Ex. F). Dibenedetto states in her affidavit that, on January 4, 1989, Owens received two sentences totaling thirty years, and was found to be a second felony offender (Doc. 101, Ex. F). Dibenedetto further states in her affidavit that Owens was released on supervised parole on June 14, 2007, seven days after the Louisiana court ordered Owens be given credit for 1256 days of good time and before his prison record was reviewed and his time recomputed (Doc. 101, Ex. F). Dibenedetto further states that, since Owens' parole was revoked due to a new conviction and he was returned to the physical custody of the DPSC, his good time has been recomputed and he has been given 1256 days of good time credit on his remaining sentence, which is now reflected in his Master Prison Record (Doc 101, Ex. F).

<u>Law and Analysis</u>

<u>Motion to Dismiss by Secretary LeBlanc</u>

James LeBlanc, Secretary of the Louisiana Department of Public Safety and Corrections ("DPSC"), was substituted for former

6

Secretary Richard Stalder (Doc. 98). LeBlanc filed a motion to dismiss Owens' action against him in his official capacity. LeBlanc was named an official-capacity defendant solely as Stalder's successor-in-interest, since his office will be liable for any liability incurred by Stalder in his official capacity.

LeBlanc argues that Owens did not sue Secretary Stalder in his official capacity, but only in his individual capacity. However, Owens amended his complaint (Doc. 45) to state that he was suing Stalder in both his official and individual capacities; the official capacity claim is for injunctive relief only. Accordingly, LeBlanc can be substituted for Stalder in his official capacity.

Therefore, Secretary LeBlanc's motion to dismiss Owens' action against him in his official capacity (Doc. 100) should be denied.

Motion to Dismiss for Prescription

Defendants filed a motion to dismiss Owens' action for prescription (Doc. 102), contending Owens added defendants Slay,[1]

---

[1] Owens alleges that Slay is a records analyst for the DPSC with knowledge of the calculation of good time credits and worked at Winn Correctional Center ("WCC") in Winnfield, Louisiana, where Owens was housed when he filed his ARPs relating to the calculation of his good time credits (Doc. 45).

Elkins [2] and Goines[3] to this action in December 2011, more than four years after he obtained a ruling in his favor from the Louisiana court, that corrected his good time credit and sentence calculations.  It is noted that defendants have brought this motion more than two years after they were added to the suit, and that it was not raised in their first two dispositive motions (Docs. 47, 62).

In light of the recommended dismissal of Owens' claims against Slay, Elkins and Goines set forth below, their belated motion to dismiss due to prescription is moot and the issue of whether the amendment, which added new parties, relates back to the original complaint is not discussed herein.

Motions for Summary Judgment

Defendants Goines, Elkins, Slay, and Stalder in his individual capacity filed a motion for summary judgment (Doc. 101), to which Owens filed a response (Doc. 120) and a cross-motion for summary judgment (Doc. 121), to which defendants responded (Doc. 127) and Owens replied (Doc. 131).

1.

---

[2] Owens alleges that Elkins is a computation analyst for the DPSC with knowledge of calculation of good time credits, and worked at WCC where Owens was housed when he filed his ARPs relating to the calculation of his good time credits (Doc. 45).

[3] Owens alleges that Goines is a former records analyst for the DPSC, who had knowledge of the calculation of good time credits and authority over the calculation of Owens' sentence (Doc. 45).

Rule 56 of the Federal Rules of Civil Procedure mandates that the court shall grant a summary judgment:

> "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

Paragraph (e) of Rule 56 also provides the following:

> "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may: (1) give an opportunity to properly support or address the fact; (2) consider the fact undisputed for purposes of the motion; (3) grant summary judgment if the motion and supporting materials-including the facts considered undisputed-show that the movant is entitled to it; or (4) issue any other appropriate order."

Local Rule 56.2W (formerly 2.10W) also provides that all material facts set forth in a statement of undisputed facts submitted by the moving party will be deemed admitted for purposes of a motion for summary judgment unless the opposing party controverts those facts by filing a short and concise statement of material facts as to which that party contends there exists a genuine issue to be tried.

In this regard, the substantive law determines what facts are "material." A material fact issue exists if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. However, the mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient to preclude summary judgment; there must be evidence on which the jury could reasonably find for the plaintiff. Stewart v. Murphy, 174

9

F.3d 530, 533 (5th Cir. 1999), 528 U.S. 906, 120 S.Ct. 249 (1999), and cases cited therein.

If the movant produces evidence tending to show that there is no genuine issue of material fact, the nonmovant must then direct the court's attention to evidence in the record sufficient to establish the existence of a genuine issue of material fact for trial.   In this analysis, we review the facts and draw all inferences most favorable to the nonmovant.   Herrera v. Millsap, 862 F.2d 1157, 1159 (5th Cir. 1989).   However, mere conclusory allegations are not competent summary judgment evidence, and such allegations are insufficient, therefore, to defeat a motion for summary judgment.   Topalian v. Ehrman, 954 F.2d 1125, 1131 (5th Cir.), cert. den., 506 U.S. 825, 113 S.Ct. 82 (1992).

2.

Owens contends defendants in their individual capacities owe him monetary damages under Section 1983 for his false imprisonment. Former Secretary Stalder, Goines (retired), Slay, and Elkins, all employees or former employees of the Louisiana DPSC, filed a motion for summary judgment (Doc. 101) alleging they are entitled to qualified immunity and good faith immunity, and Owens filed a cross-motion for summary judgment (Doc.121). Stalder, Goines, Slay and Elkins show in their affidavits that they did not know Owens, they acted with good faith in their computation of Owens' good time credits and that the law regarding good time computation as applied

10

to the particular facts of Owens' case was not clear (Doc. 101, Exs.).

Defendants contend they are entitled to qualified immunity. The defense of qualified immunity protects a public official from both litigation and liability, absent a showing that the official violated a constitutional right that was clearly established at the time of the incident. In assessing the defense, the court must first inquire whether the plaintiff has asserted the violation of a clearly established constitutional right. If that inquiry is answered in the affirmative, the court must then determine whether the defendants' conduct was objectively reasonable in light of the established law. Woods v. Smith, 60 F.3d 1161, 1164 (5th Cir. 1995), cert. den., 516 U.S. 1084, 116 S.Ct. 800, 133 L.Ed.2d 747 (1996). Also, Hassan v. Lubbock Independent School District, 55 F.3d 1075, 1079 (5th Cir.), cert. den., 516 U.S. 995, 116 S.Ct. 532 (1995); Hare v. City of Corinth, 135 F.3d 320, 325 (5th Cir. 1998), and cases cited therein.

The sort of unlawful detention remediable by the tort of false imprisonment is detention without legal process. Since false imprisonment consists of detention without legal process, a false imprisonment ends once the victim becomes held pursuant to legal process. Wallace v. Kato, 549 U.S. 384, 389, 127 S.Ct. 1091, 1095 (2007). When a prisoner's sentence has expired, he is entitled to release under both the Constitution and the laws of the United

11

States.  Shorts v. Bartholomew, 255 Fed.Appx. 46, 51 (6th Cir. 2007), citing Whirl v. Kern, 407 F.2d 781 (5th Cir. 1969), cert. den., 396 U.S. 901, 90 S.Ct. 210 (1969).  Detention of a prisoner beyond the expiration of his sentence in the absence of a facially valid court order or warrant constitutes a deprivation of due process.  Douthit v. Jones, 619 F.2d 527, 532 (5th Cir. 1980).

A jailer has a duty to ensure that inmates are timely released from prison.  While a jailer is not a surety for the legal correctness of a prisoner's commitment, he is most certainly under an obligation, often statutory, to carry out the functions of his office.  Those functions include not only the duty to protect a prisoner, but also the duty to effect his timely release.  Porter v. Epps, 659 F.3d 440 (5th Cir. 2011), and cases cited therein.

In 1976, the Fifth Circuit held in Bryan v. Jones, 530 F.2d 1210, 1215 (5th Cir.), cert. denied, 429 U.S. 865, 97 S.Ct. 174 (1976), that, where a plaintiff alleges that he was imprisoned without valid authority, the court would hold the jailer to a high standard of reasonableness since he exercises no discretion and is under relatively little time pressure.  In 1980, the Fifth Circuit held in Douthit that, if a jailer negligently establishes a record keeping system in which errors resulting in imprisonment beyond the term of the sentence are likely, the jailer will be held liable. But if the errors take place outside of his realm of responsibility, he cannot be found liable because he has acted

reasonably and in good faith.  <u>Douthit</u>, 619 F.2d at 535.

The constitutional right against false imprisonment was well established when Owens filed his grievances for false imprisonment based on miscalculation of his good time credits, and when the Louisiana court ordered defendants to correct Owens' good time and sentence calculation in 2007.

To prove false imprisonment under Section 1983, the plaintiff must show that the defendant, while acting under color of law, deprived him of a right secured by the Constitution and laws of the United States.  <u>Douthit</u>, 619 F.2d at 532, and cases cited therein. Also, <u>West v. Atkins</u>, 487 U.S. 42, 48, 108 S.Ct. 2250 (1988).  The elements of a false imprisonment action under Section 1983 are (1) intent to confine, (2) acts resulting in confinement, and (3) consciousness of the victim of confinement or resulting harm. <u>Whirl v. Kern</u>, 407 F.2d 781, 792 (5th Cir. 1968), cert. den., 396 U.S. 901, 90 S.Ct. 210 (1969).  To establish a cause of action under Section 1983, however, a party must also show that the defendant, while acting under color of law, deprived him of a right secured by the Constitution and laws of the United States, <u>Douthit</u>, 619 F.2d at 532.

The Louisiana 1st Circuit Court of Appeal found that Owens presented his complaint to the DPSC by initiating a Corrections Administrative Remedy Procedure ("CARP").  His complaint was investigated and his request for recomputation of his good time

credit was rejected at each level of that procedure within the prison and the Department of Corrections. Owens v. Stalder, 965 So.2d at 888. On June 8, 2007, the court held that Owens' sentence had been miscalculated by the DPSC, contrary to controlling case law in Cox v. Whitley, 612 So.2d 158, 159-160 (La.App. 1st Cir. 1992), writ den., 613 So.2d 1001 (La. 1993), and that Owens should have been given double good time credit. Owens v. Stalder, 2006-1120 (La. App. 1st Cir. 6/8/07), 965 So.2d 886. In Owens' case, in 2007, the Court of Appeal ordered the matter remanded to the Louisiana DPSC for amendment of Owens' records, including his Master Prison Record, to reflect the appropriate credit for double good time earned from the date of imposition of sentence on January 4, 1989.

Despite being ordered to correct their method of calculation of good time by the Louisiana First Circuit Court of Appeal in the 1993 case of Cox v. Whitley, defendants do not appear to have done so, as noted by the Louisiana First Circuit Court of Appeal in Owens' case, resulting in the same errors being made in calculating Owens' good time as were made in Cox's case. Moreover, Owens' master prison record was not corrected to credit his good time until he was reincarcerated for his parole violation.

Defendants are not entitled to qualified immunity in this case. Ignorance of, or ignoring, the law that has been settled by the courts since 1993, as to the correct calculation of good time

14

benefits, does not entitle a defendant to qualified immunity.

Next, defendants argue that, since Owens was released on parole in 2007, he has had his parole revoked, has returned to custody to serve the remainder of his sentences, and has now been given the benefit of the good time credit awarded him by the Louisiana Court, so Owens' claim for compensatory damages is moot (Doc. 101). Dibenedetto states in her affidavit that, since Owens has been reincarcerated, the applied good time credit will cause Owens to serve less than the remainder of his full sentence (Doc. 101, Ex. F); in other words, Owens will receive the full benefit of the 1256 additional days of good time credit.

In the case at bar, Owens has clearly alleged the violation of his right to due process by alleging he was confined an additional three years due to the miscalculation of his good time credit by the Louisiana DPSC. However, he has failed to show he was falsely imprisoned. Although Owens has shown that defendants were aware of the miscalculation of his good time credits and failed to correct the error prior to his parole, as pointed out by defendants, Owens' parole has been revoked and he has been reincarcerated to finish serving his sentences. That turn of events has fortuitously provided defendants with the opportunity to correct their errors and credit Owens with the lost good time, as previously ordered to do by the Louisiana Court of Appeal.

Owens also argues he should have been released in June 2004,

15

if the 1256 days of good time credit is applied retroactively to the date he was released on parole.  Defendants argue that Owens was never entitled to be released in June 2004.  These arguments are moot.  Owens has been reincarcerated for a parole violation to serve the remainder of his sentence, so he is now receiving the benefits of both his previous incarceration through June 14, 2007 (when he was released on parole), and the 1256 days of good time credit which has been applied to his sentence since his reincarceration.

Owens contends he is still entitled to monetary damages and argues that, had he been released at the correct time, he would not have suffered the medical conditions he later developed in prison (assuming he was entitled to be released in 2004), would have been more employable when he was released, would have better integrated back into society, and would not have gotten into trouble and had his parole revoked.  This argument is purely speculative.  The facts are that, when Owens was released on parole, he got into trouble again, his parole was revoked, and he was reincarcerated. Upon reincarceration, defendants were able to afford Owens the benefit of a corrected good time credit calculation, which reduces the remainder of the sentence he must serve by more than three years.

At this point, Owens lacks standing to pursue his claims.  An actual injury is a constitutional prerequisite to Section 1983

claim.  Lewis v. Casey, 518 U.S. 343, 351-53, 116 S.Ct. 2174, 2180 (1996), discussing Bounds.  The requirement that an inmate alleging a constitutional violation must show actual injury derives ultimately from the doctrine of standing.  Lewis, 518 U.S. at 349, 116 S.Ct. at 2179.  See also, Chriceol v. Phillips, 169 F.3d 313, 317 (5th Cir. 1999).  Since, as discussed above, Owens can no longer show that he was deprived of his good time credits or that he was "falsely imprisoned," he lacks standing to allege claims of false imprisonment.

Therefore, Owens has ultimately received that which was due him and, as a result, has not served and will not serve more time than he was sentenced to serve, has not been falsely imprisoned, and has not suffered an "injury" entitling him to monetary damages.

Owens further alleges Stalder is liable for failing to enforce reasonable policies related to assuring that sentence calculations are carried out in compliance with Louisiana law and DPSC policy, and for failing to train his employees properly.  However, as discussed above, Owens can no longer show that he was deprived of his good time credits or that he was "falsely imprisoned." Therefore, Owens lacks standing to allege claims against Stalder for failure to train or supervise because he cannot show that a failure to train or supervise resulted in a deprivation of his constitutional rights.

Defendants' motion for summary judgment should be granted as

to Owens' claim for monetary damages.

3.

Owens also asks for injunctive relief from current DPSC Secretary LeBlanc in his official capacity.[4]

Owens has not requested any specific injunctive relief in his complaints.  Since Owens master prison record has been corrected to afford him the appropriate amount of credit for good time and he has received the benefit of that credit, injunctive relief does not appear to be necessary.

Accordingly, LeBlanc is entitled to a summary judgment in his favor on the issue of injunctive relief.

4. Supplemental State Law Claims

Finally, Owens' remaining state law claims against Goines, Slay, Elkins, and Stalder are for false imprisonment, negligence, failure to implement policies which correctly apply the law for

---

[4] The defense of qualified immunity is not available to a defendant sued in his official capacity.  A suit brought against a defendant in his official capacity is, effectively, a suit against the governmental unit that employs the defendant.  Monell v. Dept. of Social Services, 436 U.S. 658, 690 n. 55, 98 S.Ct. 2018, 2035 n. 55 (1978).  Municipalities are not entitled to qualified immunity, Owen v. City of Independence, Mo., 445 U.S. 622, 650, 100 S.Ct. 1398, 1415 (1980).

Moreover, a Section 1983 action seeking prospective injunctive relief based on federal constitutional violations may be brought against state officials in their official capacities.  Harris v. Angelina Cty., Texas, 31 F.3d 331, 338 (5th Cir. 1994), citing Will v. Michigan Department of State Police, 491 U.S. 58, 71 n. 10, 109 S.Ct. 2304, 2312 n.10 (1989), and Kentucky v. Graham, 473 U.S. 159, 167 n. 14, 105 S.Ct. 3099, 3106 at 306, n. 14 (1985).

calculation good time credit, and failure to properly train employees.

District courts have supplemental jurisdiction over claims so related to a federal question that they "form part of the same case or controversy," 28 U.S.C. §1367(a). Rodriguez v. Pacificare of Texas, Inc., 980 F.2d 1014, 1018-19 (5th Cir.), cert. den., 508 U.S. 956, 113 S.Ct. 2456 (1993); Whalen v. Carter, 954 F.2d 1087, 1097 (5th Cir. 1992). District courts may decline to exercise supplemental jurisdiction over a claim under §1367(a) if the district court has dismissed all claims over which it has original jurisdiction. Rodriguez, 980 F.2d at 1018; Stephens v. LJ Partners, 852 F.Supp. 597, 600 (W.D.Tex. 1994); Holt v. Lockheed Support Systems, Inc., 835 F.Supp. 325, 329 (W.D.La. 1993). In deciding whether to exercise supplemental jurisdiction, the court must consider judicial economy, convenience, fairness and comity. Metropolitan Wholesale Supply, Inc. v. M/V Royal Rainbow, 12 F.3d 58, 61 (5th Cir. 1994).

Louisiana state law recognizes the tort of false arrest, also known as false imprisonment. Alvarado v. Poche, 2002-2 (La. App. 3d Cir. 6/5/02), 819 So.2d 1150, 1152, writ den., 2002-2212 (La. 11/8/02), 828 So.2d 1120. In order for a plaintiff to recover for false arrest, he must prove that he was unlawfully detained by the police against his will without a warrant or other statutory authority. Simply stated, it is restraint without color of legal

authority. <u>Kyle v. City of New Orleans</u>, 353 So.2d 969, 971 (La. 1977).  Thus, two elements are required to prove a case in false arrest and imprisonment: (1) detention of a person, and (2) unlawfulness of the detention. <u>Dumas v. City of New Orleans</u>, 2001-0448 (La.App. 4 Cir. 12/05/01), 803 So.2d 1001, 1003, writ den., 2002-0024 (La. 3/15/02), 811 So.2d 912.  Also, <u>Harrison v. State Through Dept. of Public Safety and Corrections</u>, 97-1086 (La. 12/1/98), 721 So.2d 458, 461; <u>Hughes v. Gulf International</u>, 593 So.2d 776, 780 (La. App. 4th Cir. 1992), writ den., 595 So.2d 658 (La. 1992).  Since Owens has received the full benefit of the good the credit awarded him by the Louisiana court, he cannot show he has been imprisoned unlawfully, so defendants are entitled to a summary judgment on this claim.

For negligence, La.C.C. art. 2315 provides in pertinent part: "Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it"  La.C.C. art. 2316 further directs: "Every person is responsible for the damage he occasions not merely by his act, but by his negligence, his imprudence, or his want of skill."  La.C.C. art. 2320 states in part: "Masters and employers are answerable for the damage occasioned by their servants and overseers, in the exercise of the functions in which they are employed. ...In the above cases, responsibility only attaches, when the masters or employers, teachers and artisans, might have prevented the act which caused

the damage, and have not done it." Since Owens cannot show that he suffered any "damage" from negligence in the miscalculation of his good time or his sentence or from negligence in training, supervising employees, or implementation of policies, his claim for negligence must fail and defendants are entitled to a summary judgment on Owens' negligence claims.

Defendants should be granted a summary judgment as to Owens' state law claims for false imprisonment, negligence, and supervisory liability, and Owens' cross-motion for summary judgment (Doc. 121) should be denied on these issues.

### Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that LeBlanc's motion to dismiss (Doc. 100) be DENIED.

IT IS FURTHER RECOMMENDED that defendants' motion dismiss for prescription (Doc. 102) be DENIED AS MOOT.

IT IS FURTHER RECOMMENDED that defendants' motion for summary judgment (Doc. 101) be GRANTED, that Owens' cross-motion for summary judgment (Doc. 121) be DENIED, and that Owens' Section 1983 and state law actions against all remaining defendants be DISMISSED WITH PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another

party's objections within **fourteen (14) days** after being served with a copy thereof.  A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing.  Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS, DONE AND SIGNED at Alexandria, Louisiana, on this _____ day of ~~January~~ 2015.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE

22