Case 1:08-cv-00768-JTT-JPM   Document 139   Filed 03/10/15   Page 1 of 3 PageID #: 2523

U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

MAR 1 0 2015

TONY R. MOORE, CLERK
BY _____ MS _____
         DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| KENNETH OWENS | CIVIL ACTION NO. 08-768 |
| VERSUS | JUDGE TRIMBLE |
| RICHARD L. STALDER, ET AL. | MAGISTRATE JUDGE KIRK |

## JUDGMENT

Before the court is the Report and Recommendation of the Magistrate Judge previously issued in the above-captioned civil rights case.[1] Having reviewed the entire record in this case, including all objections to the proposed findings of the Magistrate Judge, it is hereby

**ORDERED** that the motion to dismiss [R. 102] filed by defendants Slay, Goins and Elkins is **DENIED**, the court finding that the filing of suit against then-Secretary of DPSC Stalder in 2008 interrupted prescription against these defendants as solidary obligors under applicable jurisprudence.[2] It is further

**ORDERED** that the motion to dismiss filed by Secretary LeBlanc [R. 100] is **DENIED**, the court agreeing that the conclusions of the Magistrate Judge regarding official capacity dismissal are correct under applicable law and jurisprudence.

**ORDERED** that Plaintiff's cross-motion for partial summary judgment [R. 121] is **GRANTED** to the extent that:

(1) Plaintiff has shown that he was subjected to the Fourteenth Amendment violation of false imprisonment as a matter of law. It is res judicata that Plaintiff was entitled to double good

---

[1] R. 133.
[2] Sampay v. Morton Salt Co., 395 So.2d 326 (La. 1981).

1

time, retroactive to January 4, 1989, under the law of State of Louisiana as interpreted by the Louisiana First Circuit Court of Appeal in <u>Owens v. Stalder</u>, 2006 – 1220 (La. App. 1st Cir. 6/8/07), 965 So.2d 886. The court expressly rejects any argument that Plaintiff was never entitled to a diminution in sentence as collateral attack upon the Louisiana First Circuit's 2006 ruling in this matter.

(2) The court finds that Defendants are not entitled to good faith qualified immunity in this matter. As asserted by Plaintiff and pointed out by the Louisiana First Circuit, the issue of retroactivity and good time credit was definitively addressed by the First Circuit in <u>Cox v. Whitley</u>, 612 So.2d 158 (La. App. 1 Cir. 1992), writ denied, 613 So.2d 1001 (La. 1993). Accordingly, it appears that Plaintiff's right to double good time retroactive to his date of sentencing was clearly established as of 1992. We agree with the findings of the Magistrate Judge on this issue and reject any argument based on ignorance of the law, particularly since this matter was diligently and repeatedly presented to Defendants through the Corrections Administrative Remedy Procedure process.[3]

(3) The court finds the amendment to Plaintiff's master prison record results in a credit of 1,256 days which are a potential benefit to Plaintiff, should Plaintiff become incarcerated again in the future, but do not, as a matter of law, erase Plaintiff's standing to bring suit for a Fourteenth Amendment violation which occurred during the 2004 – 2007 timeframe. In so ruling, we decline to adopt that portion of the Magistrate Judge's Report and Recommendation which reasons that the 1,256 days of good time credit now added to Plaintiff's master prison record

---

[3] R. 132 at p. 13-15; <u>Owens</u>, 965 So.2d at 887-88.

make Plaintiff whole, as they are the entirety of what he was entitled to as a remedy.[4] Defendants have not proven that Plaintiff has no other quantifiable damages. Moreover, given that Plaintiff's future incarceration and use/enjoyment of these good time credits is an unforeseeable eventuality, the court cannot support a finding that this act by Defendants fully washes away a Fourteenth Amendment violation, such as to rob Plaintiff of his standing in this case. In plain language, the fact that he has now been given future credit for the days he should have been free does not change the fact that he was falsely imprisoned in the past. The violation has already occurred and, thus, any damages sustained by the Plaintiff have already been sustained. The issue of the quantity of those damages now remains as the sole issue for trial in this case.

Given these findings, it is hereby

**ORDERED** that Defendants' motion for summary judgment [R. 101] is **DENIED**.

**THUS DONE AND SIGNED** in chambers at Alexandria, Louisiana this _10th_ day of March, 2015.

_____
JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE

---

[4] Whirl v. Kern, 407 F.2d 781 (5th Cir. 1969).