**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

KENNETH OWENS                          CIVIL ACTION NO. 1:08CV0768

VERSUS                                 JUDGE  TRIMBLE

RICHARD STALDER                        MAGISTRATE JUDGE PEREZ-MONTES

**PRETRIAL STATEMENT**

Conferences of attorneys/parties were held in the above captioned cause on the 3-13th days of October, 2016.

Nelson W. Cameron appeared for plaintiff Kenneth Owens.  Kenneth Owens is residing in Shreveport, Louisiana.

C. Bryan Racer, Assistant Attorney General appeared for defendants: Richard Stalder, former Secretary of the  the Louisiana Department of Public Safety and Corrections , Henry Goines, Rodney Slay, and Janice Elkins, in their individual and official capacities.  The current secretary should be substituted for official capacity claims.

1.      The following **jurisdictional questions** were raised and disposed of as hereinafter indicated: None.  The Court has federal question subject matter jurisdiction.

2.      **Additional Pleadings**: None.

3.      **Pending Motions**.

--                                     1

By Plaintiff: None.

By Defendants: None.

4.    **Brief Summary of the Case**.

Mr. Owens was sentenced to thirty years total imprisonment at hard labor on January 4, 1989. Plaintiff Owens was a DOC prisoner housed in Winn Correctional Center. In October 2012, he signed a contract with the Warden of Winn Correctional Center granting him double good time. Defendants refused to provide good time retroactive to his sentencing date despite information to the contrary. Plaintiff filed a grievance ("ARP") which Plaintiff appealed through the administrative remedy procedure within the Louisiana Department of Public Safety and Corrections, then the Commissioner; and, then to the 19th Judicial District Court, East Baton Rouge Parish, and finally to the First Circuit Court of Appeals. The Court of Appeals ruled Mr. Owens was entitled to retroactive application of his good time and ordered his immediate release. He should have been released October 7, 2003 but was not released until June 14, 2007. Mr. Owens was kept 1,256 days past his release date. On April 4, 2013, Mr. Owens was arrested and held for violation of his parole. Mr. Owens was unilaterally released in January 2016. At that time, Mr. Owens was given credit for the 1,256 days he had over-served off of the remaining portion of the thirty year sentence. Mr. Owens was unilaterally released in January 2016.

By Judgment on March 10, 2015, this Court found Defendants liable on Plaintiff's Section 1983 claims and has entered summary judgment for Plaintiff against all Defendants. [Doc. 139] The trial will determine the amount of damages. Mr. Owens seeks compensatory and

--                                                    2

punitive damages plus attorney fees and all costs of litigation.

5.    **Issues of Fact**:

By Plaintiff:

a.    Plaintiff seeks punitive damages.  Individual Defendants were aware that Plaintiff was earning double good time but failed to release him timely.  Individual Defendants were trained and were aware that the good time should have been applied retroactively to his sentencing date.  Cox v. Whitley, 612 So.2d 158 (La. App. 1 Cir., 1992).  This case is set forth in the DOC Regulations.  But the DOC Regulation does not mention retroactivity. Therefore, individual defendants acted with callous disregard to Mr. Owens' right to be released  failed to timely and correctly calculate his release date and thus effectuate his release from confinement.

b.    Plaintiff seeks punitive damages. Stalder and Goines failed to promulgate rules and regulations and provide training     to the records analysts to insure the correct release date of plaintiff in accordance   with Cox v. Whitley, 612    So.2d 158 (La. App. 1 Cir., 1992) which at fn 3 noted   that certain of the state's statutes did not apply to deny eligibility for good time.   This case is set forth in the DOC Regulations.  But the DOC Regulation does not  mention retroactivity.

c.    Despite internal regulations and  memoranda regarding the applicability of Cox v. Whitley, the defendants acting with reckless disregard  failed to comply with that

directive.

d.    Defendant State of Louisiana released Plaintiff Owens on January 17, 2015 without any request or action taken by Plaintiff.  The time frame in which he should have been released in 2003 can not be unilaterally substituted for the time period he has been released since 2015. There are  exceptional differences.  There was no agreement that the time after his release in 2015 could be substituted.  The time has yet to run: Owens can't be released completely until 2019.  The State can't prove the reason for the release was the Order of the First Circuit Court of Appeals since there are other equally plausible reasons including prison overcrowding.  The time actually served past his legal release date at Winn Correctional Center, a prison carries inherent challenges and difficulties that were not present in a local jail from which he was released in January 2015.

e.    Plaintiff seeks compensatory damages for loss of freedom and mental distress. The conditions of the WCC prison include physical restraint, confinement to a two person cell, very limited access to outdoor and recreation, poor meals, no privacy, no social contact with the opposite sex, limited freedom to purchase items for personal needs, no freedom to pursue employment, limited medical help,  and lack of recreational freedom.

f.    Plaintiff does not seek any lost wages or loss of earning capacity.

g.    The individual defendants committed acts of callous disregard or reckless

--                                                          4

indifference to Plaintiff's right to timely release by refusing to examine and apply Cox v. Whitley before and during the administrative remedy procedure.

h.  Plaintiff suffered 1,256 days of mental distress from the apprehension of not being released consistent with Plaintiff's good time contract.  Plaintiff without any legal help processed his grievance through the administrative remedy procedure and through the Commissioner and 19th Judicial District Court, East Baton Rouge Parish until the First Circuit Court of Appeals recognized the retroactivity of his good time contract. The Court of Appeals reversed and required Mr. Owens' release from confinement. Plaintiff suffered mental distress not knowing if his custodians would release him timely while his appeal process slowly churned over 1,256 days.

i.  Contrary to Defendants' assertions, Defendant Goines deposed that he personally reviewed Mr. Owens time computations on at least two occasions: once when Plaintiff's case was before the 19th Judicial District Court and another time when his release was imminent.  The State's Answers to Interrogatories admit his review.  Exh 130.

By Defendants

A.  As defendants Stalder, Goines, and LeBlanc were not personally involved in the any good time decision or calculation regarding Mr. Owens, supervisor liability for

supervision, training, or discipline decisions on the part of these defendants must have been deliberately indifferent to plaintiff's rights for liability to attach.  Because deliberate indifference may not be found without these defendants having received actual or constructive notice that training, supervision, or disciplinary policies caused a subordinate to violate Mr. Owen's constitutional rights, no liability should be found on the part of these defendants.

B.    Defendants content that Mr. Owens suffered no consequential damages as result of his initial detention for 1,256 days beyond his good time release date.  He received credit for such sums after his probation violation off of the remaining portions of his original sentence.  Damages are never presumed.  Therefore, Mr. Owens should only be entitled to receive nominal damages.

C.    No evidence exists that any of the defendants had an evil intent towards Mr. Owens. Further, no evidence exists that any of the defendants had a subjective consciousness of a risk of injury and criminal indifference to civil obligations to warrant the imposition of punitive damages.

D.    Upon violation of his parole, the State unilaterally credited Mr. Owens for the 1,256 days he was held beyond his original good time release date.

8.    The **contested issues of law** are as follows:

By Plaintiff:

a.    What is the effect  if any on damages of the unilateral release of Plaintiff Owens from

--                                    6

incarceration on January 17, 2015? Plaintiff contends that his damages for false imprisonment are unique to the time period of the 1,256 days he remained incarcerated and that Defendant may not unilaterally extinguish the claim and damages in this manner.

b.      May defendants introduce evidence of subjective good faith to avoid punitive damages? If so, may that evidence consist of Plaintiff's criminal history, he was not entitled to good time, alleged habitual offender status or prison record? Plaintiff contends that this question has been answered in the negative by the Court pursuant to previous motion practice. [Doc. 173]

c.      Plaintiff contends that the granting of summary judgment in his favor prevents the Defendants such as Goines to introduce evidence that did not perform a sentence calculation on Owens. Goines testified in deposition that he performed two sentence calculations. The State's Answers to Interrogatories indicate that Slay, Wiley-Elkins and Goines conducted sentence calculations. Defendants are precluded from introducing evidence that amounts to a collateral attack on this Court's grant of summary judgments. Such evidence would serve to mislead and confuse the jury.

d.      Plaintiff contends that the granting of summary judgment in his favor precludes Defendants from introducing evidence that any one of them is not liable. This includes Stalder on a supervisory liability claim. This issue was addressed in the summary judgment. Stalder had failed to promulgate regulations that addressed the retroactivity effect of a good time contract as set forth in Cox v. Whitley. Defendants are precluded from introducing evidence that amounts to a collateral attack on this Court's grant of summary judgments. Such evidence would serve to

--                                    7

mislead and confuse the jury.

By Defendants:

a.      Whether plaintiff may receive attorney's fees that are not proportional to his

damages?  Plaintiff contends that this question is premature.

b.      Whether defendants were required to give Mr. Owens the option of remaining

incarcerated until 2019 rather than apply the credit to the remaining time on his sentence?

Plaintiff contends that in order to extinguish the claim, there must be a mutual understanding

reduced to writing.

9.      **Lists of Witnesses**
        By Plaintiff:

## WILL CALL WITNESSES

1.      Kenneth Owens

        Plaintiff. See Complaint.

## MAY CALL WITNESSES

2.      Richard Stalder
        last known place of employment:
        Department of Public Safety and Corrections
        P.O. Box 94304 Capitol Station
        Baton Rouge, LA 70804

        He is the Defendant, former Secretary of D.O.C.

--                                          8

3.    James M. LeBlanc
last known place of employment:
Department of Public Safety and Corrections
P.O. Box 94304 Capitol Station
Baton Rouge, LA 70804
He is the Secretary of the Louisiana Department of Corrections.


4.    Timothy  Wilkinson

last known place of employment:
Winn Correctional Center
180 CCA Blvd
 Winnfield, LA 71483
Telephone: (318) 628-3971

He was the Warden of Winn Correctional Center during the time of Plaintiff's
incarceration there. .

5.    John Rodney Slay, Jr.
last known place of employment:
Avoyelles Correctional Center
1630 Prison road
Cottonport, LA 71327
Telephone: (318) 876-2891

He is a defendant.  He was an ARDC supervisor for Winn Correctional Center
during the time of Plaintiff's incarceration at Winn Correctional Center.

6.    Janice Willey (Also known as Janice Elkins)
last known place of employment:
Avoyelles Correctional Center
1630 Prison road
Cottonport, LA 71327
Telephone: (318) 876-2891
She is a defendant.  She was a Record Computations Analysts during the time of
Plaintiff's incarceration at Winn Correctional Center.

--                        9

7.    Mary Harris
last known place of employment:
Winn Correctional Center
180 Cca Blvd
 Winnfield, LA 71483
Telephone: (318) 628-3971

She was the Records Supervisor during the time of Plaintiff's incarceration there.

8.    Ms. Brenda Smiley
last known place of employment:
Joseph Levy Dabadie Correctional Center
1453 15th Street
Pineville, LA 71360
Telephone: (318) 640-0351

She was Mr. Owen's case manager during the time of Plaintiff's incarceration at Winn Correctional Center.

9.    Henry Goines
last known place of employment:
Department of Public Safety and Corrections
P.O. Box 94304 Capitol Station
Baton Rouge, LA 70804

He is a defendant.  He is retired from the Department of Corrections; he was a records analysts during Plaintiff's incarceration. .

10.    General Counsel William L. Klein
last known place of employment:
Department of Public Safety and Corrections
P.O. Box 94304 Capitol Station
Baton Rouge, LA 70804

He represented the State in the Case of Owens vs Stalder.

--                                               10

11.    Mona Heyse
        last known place of employment:
        Joseph Levy Dabadie Correctional Center
        1453 15th Street
        Pineville, LA 71360
        Telephone: (318) 640-0351

        She was a record analyst who made entries in Mr. Owen's Master Prison record.


12.    Libbey Tigner
        last known place of employment:
        Joseph Levy Dabadie Correctional Center
        1453 15th Street
        Pineville, LA 71360
        Telephone: (318) 640-0351

        She was a record analyst who made entries in Mr. Owen's Master Prison record.


13.    Kimberly Lemaire
        last known place of employment:
        Winn Correctional Center
        180 Cca Blvd
        Winnfield, LA 71483
        Telephone: (318) 628-3971

        She was a record analyst who made entries in Mr. Owen's Master Prison record.


14.    Sharon Ganey
        1809 Murray Lane
        Shreveport, LA 71109
        Telephone: (318) 200-4653

        She is the plaintiff's god mother and she knows about the case and how it affected
        the plaintiff personally and emotionally.


--                                              11

15.    Kavasha Kimble
       1809 Murray Lane
       Shreveport, LA 71109
       Telephone: 318-990-7550

       She is the plaintiff's daughter and she knows about the case and how it affected
       the plaintiff personally and emotionally.


16.    Warden W.S. McCain
       Joseph Levy Dabadie Correctional Center
       1453 15th Street
       Pineville, LA 71360
       Telephone: (318) 640-0351

       Signed Good Time Approval for Owens on 09/19/03. See Exhibit No.  3.

17.    Linda Ramsey
       last known place of employment:
       Department of Public Safety and Corrections
       P.O. Box 94304 Capitol Station
       Baton Rouge, LA 70804
       Telephone number unknown at this time.

       She supervised all D.O.C. record analysts and instituted and practice for record
       analysts. She also responded to Mr. Owens grievance regarding his release.

18.    Mr. Richard Arnold
       18805 Hwy 71
       Ida, Louisiana
       Telephone:  318-470-4806

       He is the plaintiff's good time and policy expert witness in this matter.

--                                    12

19.    Kendraneisha Johnson
       2929 Peach Street #61
       Shreveport, LA 71107
       She is Plaintiff's daughter and has knowledge of family history and what it is Plaintiff missed while at WCC for the 1,256 extra days.

20.    Wanda Bell

21.    Jamarcus Williams

22.    Tracey Dibennedetto

By Defendants:

## **WILL CALL**

a.    Kenneth Owens, cross examination

b.    Rodney Slay

c.    Janice Elkins

## **MAY CALL**

1.    Henry Goins, defendant

2.    Richard Stalder, defendant

3.    James LeBlanc, defendant

4.    Kavasha Kimble, plaintiff's daughter

5.    Kendranisha Johnson, plaintiff's daughter

6.    Jarmarcus Williams, plaintiff's son

7.    Wanda Bell, plaintiff's girlfriend

--                                        13

8.      Tracy Dibennedetto
        Department of Public Safety and Corrections
        P.O. Box 94304 Capitol Station
        Baton Rouge, LA 70804

Any witness listed by any other party

8.      **List of Exhibits.**   The Plaintiff's and Defendant's Exhibit Lists **are** attached hereto.

9.      **Depositions.**  The Defendants may use the video deposition of Richard Stalder if he becomes unavailable.  Otherwise, the parties do not anticipate any depositions to be used in lieu of live testimony.

10.     **Stipulations.**  The following facts are established by the pleadings or by the stipulations/admissions of the parties:

a.      Plaintiff Owens pled guilty on January 4, 1989 in Caddo Parish Docket Number 144,044.

b.      The plaintiff Kenneth Owens on January 4, 1989 was sentenced to serve twenty-one (21) years at hard labor on one count and nine (9) years at hard labor on the second count.   The sentences were ordered to run consecutively.

c.      Plaintiff beginning January 4, 1989 was in the custody the Louisiana Department of Public Safety and Corrections.

d.      Plaintiff entered into a contract with authorized representatives of the Louisiana Department of Public Safety and Corrections to earn increased good time on   several

--                                      14

dates including September 5, 2003, with <u>Winn Correctional Center</u>        Warden

Timothy D. Wilkinson .

e.        As a result of Mr. Owens entering into the contract referenced above, he forfeited

incentive pay and became disqualified as a pauper for medical treatment    purposes.

f.        On February 2, 2004, Mr. Owens filed an ARP at Winn Correction Center.  It was

a grievance to obtain his release from custody and to obtain damages.   No.

WNC-2004-136. It was denied.

On February 26, 2004, Mr. Owens took his ARP to the HQ level.  It was denied

August 2, 2004.  He filed a Petition.  On July 6, 2005, the Commissioner denied the

ARP. He appealed that decision.  On November 28, 2005, the Nineteenth Judicial District

Court denied Plaintiff's appeal to that court.

g.        On June 8, 2007, the Louisiana First Circuit Court of Appeal in the case styled

Owens v. Stalder ruled that Mr. Kenneth Owens was entitled to increased good

time retroactive to his date of sentencing January 4, 1989.  The appellate decision

is final. This decision is binding upon the parties in this case.

h.        As a result of the decision in *Owens v. Stalder* referenced above, Mr. Owen was

released from the physical custody of the Louisiana Department of Public Safety

and Corrections on June 14, 2007.

i.        Act 848 of 1987 applies to the sentence of Mr. Owens. Act 848 provided that the

--                                15

Secretary of Louisiana Department of Public Safety and Corrections or his authorized representative could contract with an inmate to provide the inmate good time so long as the inmate forfeited incentive pay and his eligibility for pauper status.

j.      As a result of being eligible for increased good time, Mr. Owens release date on his 30 year sentence was October 7, 2003.

k.      Defendants Wiley and Slay calculated or reviewed the amount of time Plaintiff should serve; these Defendants performed those time  calculations as part of their job responsibilities.

l.      Former DOC Secretary Stalder was in charge of DPSC policies, procedures, customs and practices for  good time calculations, release dates and case and statutory law interpretation. LSA-R.S. 36:403.

m.      A DPSC memorandum dated October 4, 2006,  states that under *Cox v. Whitley*, inmates such as Owens are entitled to double good time.

n.      During all relevant time periods, Henry Goines trained record analysts and established protocol and procedure for DOC.

o.      Plaintiff was not in the custody of the Louisiana Department of Corrections or other correctional custodian at the time he brought his Complaint on May 30, 2008.

--                                        16

p.    On April 10, 2013, Mr. Owens  violated his good time parole on his original

sentence.

q.    Mr. Owens was released from physical custody in January 2015 and from all

supervision by the Louisiana Department of Public Safety and Corrections in July 2015.

11.    The probable length of the trial in this case is 2 day(s) and will be by a jury.

12.    The following additional matters, to aid in the disposition of the action, have been

determined: None.

Approved: */s/ Nelson W. Cameron*, for Plaintiff, by Nelson W. Cameron

Approved: */s/ C. Bryan Racer*, for Defendants by C. Bryan Racer

--                                        17